**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NADICA WILLIAMS,

        Petitioner,

v.                                                            Case No. 3:26-cv-428-WWB-LLL

UNITED STATES ATTORNEY
GENERAL, et al.,

        Respondents.
_____

## ORDER

Petitioner initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 1).  She is proceeding on an Amended Petition.  (Doc. 4).  Immigration and Customs Enforcement ("**ICE**") is currently detaining Petitioner at the Baker County Detention Center.  (*Id.* at 1).  According to Petitioner, ICE took her into immigration custody on December 10, 2025, and an immigration judge ordered her removed on February 9, 2026.  (*Id.* at 5; Doc. 4-1).  She asserts that the immigration judge issued her removal order in error because her I-130 application was approved, her adjustment of status is pending, and she is entitled to relief under 8 C.F.R. § 1240.11.  (*Id.* at 5).  Petitioner contends she is now appealing the immigration judge's order.  (Doc. 4-1).  As her grounds for relief, Petitioner claims that ICE's prolonged detention of her violates her rights under 8 U.S.C. § 1231 and the Due Process Clause of the Fifth Amendment.  (Doc. 4 at 6–7).  As relief, she asks that the Court order her immediate release.  (*Id.* at 8).

First, to the extent that Petitioner is challenging her removal order, the Immigration and Nationality Act provides that the filing of a petition for review in *the court of appeals*, is "the sole and exclusive means for judicial review of an order of removal."  8 U.S.C. § 1252(a)(5).  Further, "no court shall have jurisdiction under § 2241 to review questions of law or fact 'arising from any action taken or proceeding brought to remove an alien from the United States.'"  *Linares v. Dep't of Homeland Sec.*, 529 F. App'x 983, 984 (11th Cir. 2013) (quoting 8 U.S.C. § 1252(b)(9)).  Thus, this Court lacks jurisdiction to consider any challenges to Petitioner's underlying removal proceedings or order.

Second, to the extent that Petitioner is challenging the duration of her post-removal-order detention seemingly under the purviews of *Zadvydas v. Davis*, 533 U.S. 678 (2001), that challenge is premature.  In *Zadvydas*, 533 U.S. at 690, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns.  Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time.  *Id.* at 701.  The Court also concluded that six months is a presumptively reasonable period to detain a removable alien awaiting removal.  *Id.*  "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter."  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the Government to provide evidence sufficient to rebut that showing.  *Id.* (quoting *Zadvydas*, 533 U.S. at 701).  Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of

2

six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052.

Here, by her own admission, Petitioner is appealing her removal order. Thus, it is not final, rendering any purported claim she raises under *Zavydas* or § 1231 (which governs detention of aliens ordered removed) not yet ripe. Also, "[d]etention during removal proceedings is a constitutionally permissible part of" the deportation process. *Demore v. Kim*, 538 U.S. 510, 531 (2003). To that end, since Petitioner is actively in removal proceedings, her current detention is lawful.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on March 31, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:    Nadica Williams, A2099833778

3